IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY WARD, a/k/a<br>KELLY PAPPAN,<br><br>      Plaintiff<br><br>vs.<br><br>KILDARE PUBLIC SCHOOLS and<br>A. J. LEDWIG, in his official and<br>individual capacities as Principal of<br>Kildare Elementary School,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)  No. CIV-07-1110-C<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action following her termination of employment by Defendant Kildare Public Schools. According to Plaintiff, her termination was in retaliation for her exercise of her First Amendment right to free speech, and in violation of Oklahoma's public policy pursuant to Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24. Defendants filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), attacking Count II of Plaintiff's Complaint.

According to Defendants, in Count II Plaintiff asserts her termination is in violation of the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1101 et seq. According to Defendants, nothing in the Oklahoma Anti-Discrimination Act provides the basis for a claim based on speech. Therefore, Defendants argue, Count II of Plaintiff's Complaint fails to state a claim for relief. Plaintiff responded, recognizing that her reference to the Oklahoma Anti-Discrimination Act in her Complaint was in error and noting that the basis for her Burk claim

was, in fact, Defendants' termination of her based on her whistle-blowing activities. Plaintiff asserts that 10 Okla. Stat. § 7103 provides a clearly established public policy requiring her to report the alleged wrongdoing. According to Plaintiff, her attempts at reporting that wrongdoing led to her termination. Defendants argue that Plaintiff's reliance on § 7103 is misplaced, as that statute requires the report to be made to DHS and Plaintiff has failed to raise any allegation in her Amended Complaint suggesting she made a report to DHS.

In considering Defendant's motion, the Court notes it "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.'" Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)). When considering those well-pleaded allegations, the Court must deny Defendant's motion if they plausibly support a legal claim for relief. Alvarado, 493 F.3d 1215, n. 2., citing Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). Applying these standards, the Court finds Plaintiff has adequately established the existence of a public policy.

Contrary to Defendants' arguments, Plaintiff's claim is not premised on an alleged violation of § 7103. Indeed, if Plaintiff were proceeding under that statute, her claim would be for a violation of that statute and not a Burk policy claim. Rather, Plaintiff identifies the statute as identifying the type of conduct for which an obligation to report arises. Upon review of the statute, it is clear that Oklahoma has established a public policy requiring individuals who fall within certain categories to report child abuse. The allegations in

Plaintiff's Complaint indicate that she was attempting to report an incident of child abuse and inquiring as to what steps were taken to address that issue and was terminated for those actions. Thus, § 7103 provides a foundation for her whistle-blowing claim. In this regard, Plaintiff's reliance on the statute is different from the statute the plaintiff relied on in Richmond v. ONEOK, Inc., 120 F.3d 205 (10th Cir. 1997). In that case, the plaintiff's whistle-blowing centered on actions by a supervisor which imposed only individual legal liability on the supervisor. The Oklahoma court found no public policy existed as there was no benefit to the public from the Plaintiff's actions. Clearly, the same is not true in this case. The alleged wrongdoing Plaintiff was purportedly attempting to report involved neither her nor her supervisor and was clearly a matter of interest to the public. Thus, Plaintiff here is more closely aligned with the plaintiff in Crain v. Nat'l Am. Ins. Co., 2002 OK CIV APP 77, 52 P.3d 1035, where the alleged wrongdoing was a matter of public concern. The plaintiff in Crain complained to outside auditors about allegedly falsified estimated recoveries. The Oklahoma Court recognized that public policies were routinely recognized where the activity involved matters of a public nature rather than a personal one. Id. at ¶ 17, 1039.[*]

It is clear that § 7103 is a statute that is intended to protect the safety or welfare of the public in general and not a specific individual. Thus, that statute is sufficient to establish a public policy for the State of Oklahoma and Plaintiff's allegation that she was terminated for

---

[*] In addition, the fact that Plaintiff's employer is a public school brings the facts more in line with Crain, in that, like an insurance company, a school is highly regulated and governed by specific rules imposing broad duties to protect its students. The Oklahoma Court noted the nature of the employer was a factor in determining the public versus private nature of the action.

acting within its confines is sufficient to state a wrongful termination claim under Burk. See also Barker v. State Ins. Fund, 2001 OK 94, ¶ 16, 40 P.3d 463, 468 ("[O]ne of the primary goals of protecting whistle-blowers from retaliatory discharge is to reduce wrongdoing in a speedy, efficacious manner. In that respect, it makes sense to recognize claims of whistle-blowers who report wrongdoing within the employing organization to a person in a position to investigate and remedy the wrongdoing.").

Defendants also argue that Plaintiff's Burk claim must be dismissed as she has an adequate remedy at law, citing Clinton v. State ex rel. Logan County Election Bd., 2001 OK 52, 29 P.3d 543, 546. According to Defendants, Plaintiff's Burk claim is premised on the exact conduct as her § 1983 claim, and since the remedies under the Burk claim are identical to those on the § 1983 claim, Clinton dictates that the Burk claim must be dismissed. However, in Green v. Bd. of County Comm'rs, 472 F.3d 794 (10th Cir. 2007), the Tenth Circuit recognized that Clinton and the cases relying on it to find an adequate remedy in federal law were premised on the status of the plaintiff. The Circuit then found that where the Burk claim is premised on the conduct of the plaintiff rather than status, her wrongful discharge claim should survive. Id. at 804. Here, Plaintiff's Burk claim is premised on her conduct, rather than her status. Consequently, following the Tenth Circuit's teaching in Green, her claim is not precluded by the availability of a remedy under § 1983 and Defendants' Motion to Dismiss must be denied.

Finally, Defendants argue that to the extent Count II asserts claims against Defendant Ledwig individually, it must be dismissed, as Plaintiff cannot pursue a Burk tort claim

against him individually. Relying on 51 Okla. Stat. § 163(c), Defendants note that that statute prohibits naming or pursuing a claim against an employee of a state or political subdivision when acting within the scope of his employment. Based on the allegations raised in Plaintiff's complaint, it appears that her claims against Ledwig arose while he was acting in the course and scope of his employment. Additionally, Defendants' assertion of § 163(c) as a defense to Plaintiff's claim suggests that they are not arguing that Ledwig was outside the course and scope of his employment. In light of these facts, Oklahoma law dictates that Plaintiff's claims in Count II be dismissed as against Defendant Ledwig.

As set forth more fully herein, Defendants' Motion to Dismiss (Dkt. No. 8) is denied in part and granted in part. To the extent Defendants' motion seeks the dismissal of Plaintiff's claims against Defendant Ledwig in Count II, the motion is granted. In all other respects, the motion is denied.

IT IS SO ORDERED this 14th day of December, 2007.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge